UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

————————————————————————

JOSE PEREZ,

                    Petitioner,        **No. 10-CV-0303(MAT)**
   -vs-                          **DECISION AND ORDER**

JOHN LEMPKE,

                    Respondent.

————————————————————————

## I.   Introduction

Jose R. Perez ("Perez" or "Petitioner") brings this habeas corpus application pursuant to 28 U.S.C. § 2254 alleging that he is in Respondent's custody at Five Points Correctional Facility in violation of his federal constitutional rights. Petitioner was convicted after a jury trial in Seneca County Court (Bender, J.) on charges of third degree criminal possession of a weapon, second degree attempted assault, endangering the welfare of a child, and second degree harassment. The charges stemmed from an incident in which Petitioner repeatedly struck his former girlfriend Bobbie Jo Halstead ("Halstead") with a wrench, in the presence of Halstead's young son, mother, and several witnesses.

## II.  Factual Background

### A.   The Prosecution's Case at Trial

In May 2007, Nicole Miner ("Miner") was at Halstead's apartment with Petitioner, and Halstead was chatting with someone

else. Halstead had stopped dating Petitioner about a month or two prior earlier. Petitioner told Miner, "[T]his fucking bitch is done messing with me for the last time . . . I don't know what I am going to do, but I am going to make her sorry. I am going to hurt her." T.276.[1] Sometime later in that month or the next, Petitioner called Halstead and threatened her.

Shortly after midnight on June 14, 2007, Bernard Tibbs ("Tibbs"), drove Halstead and her four-year-old son home to the apartment that Halstead shared with her mother, Donna Stone ("Stone"). Petitioner was lying in wait. As soon as Halstead opened her car door, he punched her in the head. When Halstead got out of the car, Petitioner hit her in the ear, eye, and nose with a nickel plated wrench or ratchet.  Hearing her daughter's "awful scream," Stone ran outside.

During the attack, Tibbs held Halstead's child because he did not want him to get hurt. When Petitioner started to chase Tibbs, threatening to kill him, Tibbs directed the child to run into the apartment. The child was screaming throughout Petitioner's attack on Halstead.

Neighbor Deon Watkins ("Watkins") was on his way to bed when he heard Halstead screaming. Looking out his window, Watkins saw the attack in progress. While Stone was attempting to persuade

---

[1]
        Citations to "T.__" refer to pages from the transcript of Petitioner's trial.

Petitioner to leave, Petitioner struck Halstead again with the metal object. Petitioner left only after another neighbor, told Petitioner that "he needed to get the heck out of there." T.257.

While the police were inside Halstead's apartment filling out paperwork, Petitioner called Halstead's cell telephone. Halstead's mother answered and instead of giving the phone to Halstead, placed Petitioner on speaker-phone. Petitioner stated that Halstead deserved what she got and that he was going to kill her. T.285.

### B.   The Defense Case

Kevin Erb ("Erb") met Petitioner at the Seneca County Jail in the Fall of 2007, while Erb was being held for a probation violation. Erb recognized Petitioner from an incident three months earlier based upon Petitioner's hairstyle, which he described as "long dreads."

On June 14, 2007, while on his way to see a friend at the apartment complex where Halstead and her mother lived, Erb saw Petitioner grab a blond-haired woman by her hair and slap her two or three times with an open hand. Erb said that he "wasn't like paying, like a lot of details [sic]" because he did not want to get involved. T.368. Erb did not intervene because he did not want anything to do with the police.

Willie Love ("Love") encountered Tibbs (one of the eyewitnesses) at the Seneca County Jail in January of 2008. Tibbs said that he had to testify against Petitioner. According to Love,

Tibbs saw Petitioner slap Halstead. Tibbs then was chased by Petitioner. Tibbs purportedly also told Love that at the time of the incident, "no baby [was] there" and "there was no metal object." T.379. Love had several prior convictions, including harassment, assault, and larceny.

The jury returned a verdict of guilty on all charges (Criminal Possession of a Weapon in the Third Degree, Attempted Assault in the Second Degree, Endangering the Welfare of a Child; and Harassment in the Second Degree). Petitioner was sentenced, as a persistent felony offender, to concurrent prison terms of fifteen years to life on the third-degree criminal possession of a weapon and attempted second-degree assault counts, one year on the endangering the welfare of a child count, and fifteen days on the harassment count.

## III. General Legal Principles Applicable to Habeas Petitions

### A.    Title 28, Sections 2254(a) and 2254(d)

Habeas relief is only available to redress errors in a state court criminal proceeding that are of a federal constitutional magnitude. 28 U.S.C. § 2254(a). The Anti-terrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2254(d) to provide that an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication of the claim

resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1), (2). See also Williams v. Taylor, 529 U.S. 362, 405 (2000).

**B.    Adequate and Independent State Ground Doctrine**

It is a well-settled aspect of federal habeas jurisprudence that if "a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred" absent (1) a showing of cause for the default and actual prejudice attributable thereto, or (2) a showing that failure to consider the claims will result in a "fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). A state ground will create procedural default sufficient to bar habeas review if the state ground first was an "independent" basis for the decision; this means that the last state court to consider the claim rendering a judgment in the case clearly and expressly rested its judgment on a state procedural bar." In addition, the state procedural bar must be "adequate" to support the judgment-that is, it must be based on a rule that is "'firmly established and regularly followed' by the

state in question." <u>Garcia v. Lewis</u>, 188 F.3d 71, 77 (2d Cir. 1999)

(quoting <u>Ford v. Georgia</u>, 498 U.S. 411, 423-24 (1991)).

## IV.   Analysis of the Petition

### A.   Denial of the Right to Testify at the Grand Jury

Petitioner contends that he was denied his right to testify

before the grand jury. On appeal, the Appellate Division, Fourth

Department, of New York State Supreme Court found that there was no

evidence in the record that Petitioner or his attorney gave the

required written notice to the District Attorney that Petitioner

intended to testify before the grand jury. <u>People v. Perez</u>, 67

A.D.3d 1324, 1325 (App. Div. 4th Dept. 2009) (citations omitted).

The Fourth Department further found that to the extent Perez

contended that he was denied effective assistance of counsel on the

ground that his attorney failed to effectuate his intent to

testify, there was no indication in the record that Perez conveyed

or attempted to convey his wish to testify to his attorney. <u>Id.</u>

(citation omitted).

Perez's claim pertaining to the denial of the right to testify

at the grand jury does not present a federal question and is not

cognizable on federal habeas review. While indictment by grand jury

is guaranteed by the New York State Constitution, <u>see</u> N.Y, Const.

Art. 1, § 6; <u>People v. Iannone</u>, 45 N.Y.2d 589, 594 (N.Y. 1978)),

such a right is purely a state-created right. <u>E.g.</u>, <u>Velez v. People</u>

<u>of the State of New York</u>, 941 F. Supp. 300, 315 (E.D.N.Y. 1996).

Moreover, claims based on alleged defects in grand jury proceedings are not reviewable in a petition for habeas corpus relief. See Lopez v. Riley, 865 F.2d 30, 32-33 (2d Cir. 1989)  (citing United States v. Mechanik, 475 U.S. 66, 67 (1986)). This specifically includes a claim that a defendant was deprived of his right to testify before the grand jury. Brown Woods, No. 07 Civ. 10391 (JGK), 2010 WL 2605744, at *2 (S.D.N.Y. June 9, 2010). The rationale is that conviction by a petit jury transforms any defect with the grand jury proceeding into harmless error because the trial conviction establishes not only probable cause to indict but also proof of guilt beyond a reasonable doubt. Lopez, 865 F.2d at 32-33 (citation omitted).

Because Petitioner was convicted after a jury trial at which the prosecution proved his guilt beyond a reasonable doubt, any error with regard to his right to testify at the grand jury proceeding was rendered harmless. See id.

## B.   Erroneous Admission of Evidence of Petitioner's Prior Bad Acts

Petitioner contends that the trial court erred in allowing the prosecution to elicit testimony from Halstead's friend, Miner, regarding threats Petitioner made against Halstead prior to the attack. At trial, Miner testified that in May 2007, she was at Halstead's apartment with Petitioner, while Halstead was talking with another person. At the time, Petitioner told Miner, "[T]his fucking bitch is done messing with me for the last time . . . I

-7-

don't know what I am going to do, but I am going to make her sorry. I am going to hurt her." T.276. Miner also testified that in May or June 2007, she was with Halstead when Halstead received calls on her cell phone from petitioner. Halstead would hold up her phone so that Miner could hear the conversation, too. Miner recognized Petitioner's voice. Petitioner accused Halstead of having sex with other men and threatened her. T.279.

The trial court instructed the jury that the testimony concerning threatening statements by Petitioner regarding Halstead was not offered as an attempt to prove that Petitioner possessed a propensity or disposition to commit criminal or other bad acts. The court emphasized that, if the jury found the evidence to be true, it could not be considered to establish criminal propensity. Rather, the court explained, the evidence was offered solely to show that Petitioner had a motive to commit the offenses alleged in the indictment. See T.440-41.

On direct appeal, the Appellate Division rejected this evidentiary claim, holding that the trial court properly exercised its discretion in admitting testimony regarding threats made by Petitioner to Halstead for the purpose of establishing motive and to provide background information concerning the relationship between Petitioner and Halstead. People v. Perez, 67 A.D.3d at 1326 (citations omitted). The Appellate Division observed that "[u]nlike evidence of general criminal propensity, evidence that a particular

victim was the focus of a defendant's continuing aggression may be highly relevant[.]" Id. (quotation and citation omitted).

Federal courts, generally, cannot consider challenges to a state court's evidentiary rulings. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). Even where a petitioner describes an evidentiary error as unduly prejudicial, it must be recognized that "not all erroneous admissions of [unduly prejudicial] evidence are errors of constitutional dimension." Dunnigan v. Keane, 137 F.3d 117, 125 (2d Cir. 1998). Here, the trial court's ruling was correct as a matter of New York state law.

People v. Molineux, 168 N.Y. 264 (N.Y. 1901), sets forth the rule that evidence of prior crimes or bad acts is admissible to prove a specific crime if it tends to establish motive, intent, absence of mistake or accident, a common scheme or plan between the commission of two or more crimes, or the identity of the person charged with the commission of the crime. Accord, e.g., People v. Till, 87 N.Y.2d 835, 837 (N.Y. 1995) (evidence of uncharged crimes may be introduced at trial "when the evidence is relevant to a pertinent issue in the case other than a defendant's criminal propensity to commit the crime charged" and if the probative value of the evidence outweighs any prejudice to the defendant.). The evidence regarding the threats made by Petitioner to Halstead

clearly was relevant for purposes of completing the narrative of events and establishing his motive to attack Halstead. See Till, 87 N.Y.2d at 837 (holding that testimony of prior bad acts may be admitted into evidence, after a finding by the court that the probative value outweighs any undue prejudice caused by its admission, when "needed as background material" or to "complete the narrative of the episode" that established a motive for and provided the jury with a thorough appreciation for the interwoven events leading up to the defendant's criminal conduct) (citing, inter alia, People v. Montanez, 41 N.Y.2d 53, 58 (N.Y. 1976) (noting that the trial court has the discretion to admit some evidence of other crimes when it is needed as background material)and People v. Gines, 36 N.Y.2d 932, 932-33 (N.Y. 1975) (complainant properly permitted to testify that defendant had raped her incident to and immediately following the robbery; such testimony was admissible to complete the narrative of events and to establish the complainant's opportunity to identify defendant as her assailant )). Perez has failed to demonstrate an error of state law, much less an error of constitutional dimension in the trial court's Molineux ruling.

Moreover, "the issue of whether an admission of uncharged crimes can ever constitute a violation of the Due Process Clause has not been decided by the Supreme Court." Jones v. Conway, 442 F. Supp. 2d 113, 131 (S.D.N.Y. 2006) (citing Estelle v. McGuire,

502 U.S. at 75 n. 5 ("[W]e express no opinion on whether a state law would violate the Due Process Clause if it permitted the use of 'prior crimes' evidence to show propensity to commit a charged crime."). Given that the Supreme Court has not held that the use of uncharged crimes would violate the Due Process Clause, the Appellate Division's rejection of this claim cannot be said to be contrary to or an unreasonable application of clearly established Supreme Court law.

**C.  Claims Regarding the Sufficiency of the Evidence as to the Verdict on the Count Charging Third Degree Possession of Weapon**

Petitioner contends that the evidence was legally insufficient to prove beyond a reasonable doubt that he possessed or exercised dominion or control over a weapon. This issue was found by the Appellate Division to be unpreserved for appellate review.

"[T]here can be no doubt that New York case law requires that a sufficiency objection be specifically made to the trial court in the form of a motion to dismiss at trial." Donaldson v. Ercole, No. 06-5781-pr, 2009 WL 82716, at *1 (2d Cir. Jan. 14, 2009) (unpublished opn.) (citing People v. Hines, 97 N.Y.2d 56, 736 N.Y.S.2d 643, 762 N.E.2d 329, 333 (N.Y. 2001) ("[W]e have repeatedly held that an indictment may be dismissed due to insufficient evidence only where the sufficiency issues pursued on appeal were preserved by a motion to dismiss at trial. Indeed, even where a motion to dismiss for insufficient evidence was made, the

preservation requirement compels that the argument be specifically directed at the alleged error.") (citations and internal quotation marks omitted in original)).

Here, defense counsel failed to renew his motion for a trial order of dismissal, thereby failing to preserve the legal-insufficiency claim. Accordingly, as Respondent argues, the Appellate Division's decision denying the claim based upon the lack of a specific, contemporaneous objection rested upon a state law ground that was "independent of the federal question and adequate to support the judgment[,]" Coleman v. Thompson, 501 U.S. at 729.

Because of the independent and adequate state procedural bar, the Court cannot review the sufficiency of the evidence claim unless Perez can show cause and prejudice, or that a fundamental miscarriage of justice would occur should this Court decline to consider the claim. Perez has not adduced cause, prejudice, or facts to support the miscarriage of justice exception. Therefore, the claim is dismissed.

Petitioner also argues that the guilty verdict with respect to the weapons-possession count was against the weight of the evidence. His "weight of the evidence" claim derives from New York Criminal Procedure Law ("C.P.L.") § 470.15(5), which permits an appellate court in New York to reverse or modify a conviction where it determines "that a verdict of conviction resulting in a judgment was, in whole or in part, against the weight of the evidence." N.Y.

-12-

Crim. Proc. Law § 470.15(5). A "weight of the evidence" argument is a pure state law claim grounded in the criminal procedure statute, whereas a legal sufficiency claim is based on federal due process principles. <u>People v. Bleakley</u>, 69 N.Y.2d 490, 495 (N.Y. 1987).

Since a "weight of the evidence claim" is purely a matter of state law, it is not cognizable on habeas review. <u>See</u> 28 U.S.C. § 2254(a) (permitting federal habeas corpus review only where the petitioner has alleged that he is in state custody in violation of "the Constitution or a federal law or treaty"); <u>Estelle v. McGuire</u>, 502 U.S. at 68 ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."); <u>see</u> <u>also</u> <u>Maldonado v. Scully</u>, 86 F.3d 32, 35 (2d Cir.1996) (dismissing habeas petitioner's claim attacking the weight of the evidence; noting that "assessments of the weight of the evidence or the credibility of witnesses are for the jury and not grounds for reversal on appeal").

### D.  **Prosecutorial Misconduct During Summation**

Defendant contends that the cumulative effect of several instances of alleged prosecutorial misconduct on summation deprived him of a fair trial. On appeal, the Appellate Division held that inasmuch as defense counsel failed to object to any of the prosecutor's allegedly inappropriate remarks, Perez's contention was unpreserved for review. <u>People v. Perez</u>, 67 A.D.3d at 1326

(citing <u>People v. Smith</u>, 32 A.D.3d 1291, 1292 (App. Div. 4th Dept. 2006) (failure to object to prosecutorial misconduct on summation renders claim unpreserved for appellate review).

Respondent argues that the comments to which no objection was made are not subject to habeas review because the Appellate Division relied on the contemporaneous objection rule to dismiss them. It is well-settled that "federal habeas review is foreclosed when a state court has expressly relied on a procedural default as an independent and adequate state ground, even where the state court has also ruled in the alternative on the merits of the federal claim." <u>Velasquez v. Leonardo</u>, 898 F.2d 7, 9 (2d Cir. 1990). Courts in this circuit have consistently held that a state court's reliance on defendant's failure to object contemporaneously to a prosecutor's allegedly improper summation constitutes an adequate and independent state ground for deciding the claim. <u>See</u>, <u>e.g.</u>, <u>Velasquez</u>, 898 F.2d at 9 (holding that state court's reliance on contemporaneous objection rule was as an independent and adequate state ground which barred habeas review of claims of prosecutorial misconduct).

Under the circumstances presented here, "[t]he decision of the state court, having rested on 'independent and adequate state grounds,' is necessarily beyond the reach of federal habeas corpus review." <u>Brunson v. Tracy</u>, 378 F. Supp.2d 100, 106 (E.D.N.Y. 2005) (quoting <u>Cotto v. Herbert</u>, 331 F.3d 217, 238 (2d Cir. 2003) and

citing <u>Garcia v. Lewis</u>, 188 F.3d 71, 79 (2d Cir. 1999) ("[W]e have observed and deferred to New York's consistent application of its contemporaneous objection rules.") (citations omitted)).

Perez cannot demonstrate cause and prejudice, or that a fundamental miscarriage of justice will occur if this Court does not review the prosecutorial misconduct claims. Because the procedural default remains unexcused, these claims will not be reviewed on the merits.

**E.  Sentencing as a Persistent Felony Offender in Violation of the Sixth Amendment**

The Second Circuit has held that the New York Court of Appeals reasonably applied clearly established Supreme Court precedent in holding that New York Penal Law § 70.10 does not run afoul of the Sixth Amendment's guarantee to a criminal defendant of a trial-by-jury. <u>Portalatin v. Graham</u>, 624 F.3d 69, 73, 90-94 (2d Cir. 2010) (<u>en banc</u>), <u>reversing</u> <u>Besser v. Walsh</u>, 601 F.3d 163, 189 (2d Cir. 2010). Based upon the authority of <u>Portalatin v. Graham</u>, 624 F.3d 69, Petitioner's claim challenging the constitutionality his sentencing as a persistent felony offender under P.L. § 70.10 must be denied. <u>See</u> <u>Gibson v. Artus</u>, No. 08-1576, 2010 WL 4342198, at *2 (2d Cir. Nov.3, 2010) (unpublished opinion) ("We recently upheld New York's persistent felony offender statute . . . explaining that in the enactment of that statute, 'predicate felonies alone expand the indeterminate sentencing range within which [a] judge has the discretion to operate, and that discretion is cabined only

by an assessment of defendant's criminal history.' Under the circumstances, the claim that New York's persistent felony offender statute violated petitioner's right to a jury trial under the Sixth Amendment is without merit.") (quoting Portalatin, 624 F.3d at 94).

## F.   Harshness and Excessiveness of the Sentence

In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a). When Perez appealed his sentence in the state courts, he urged the Appellate Division to exercise its discretionary authority to review factual questions and reduce the length of his sentence in the interests of justice.

It is well settled that a habeas petitioner's challenge to the length of his prison term does not present a cognizable constitutional issue if the sentence falls within the statutory range. See Townsend v. Burke, 334 U.S. 736, 741 (1948) ("The [petitioner's] sentence being within the limits set by the statute, its severity would not be grounds for relief here even on direct review of the conviction, much less on review of the state court's denial of habeas corpus."); White v. Keane, 969 F.2d 1381, 1383 (2d Cir.1992) ("No federal constitutional issue is presented where, as here, the sentence is within the range prescribed by state law."). Petitioner, having been adjudicated as a persistent felony offender, was required to be sentenced to an indeterminate

-16-

life term, with the minimum sentence ranging from fifteen to twenty-five years. <u>See</u> N.Y. Penal Law § 70.00(3)(a)(i). Since Petitioner received the minimum sentence authorized by law for persistent felony offenders, his claim that his sentence was harsh and excessive does not present a federal constitutional issue amenable to habeas review. <u>Accord</u>, <u>e.g.</u>, <u>White v. Keane</u>, 969 F.2d at 1383; <u>Fielding v. LeFevre</u>, 548 F.2d 1102, 1108 (2d Cir. 1977); <u>Underwood v. Kelly</u>, 692 F. Supp. 146 (E.D.N.Y. 1988), <u>aff'd</u>, 875 F.2d 857 (2d Cir.), <u>cert.</u> <u>denied</u>, 493 U.S. 837 (1989).

## V.   Conclusion

For the reasons stated above, Jose Perez's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the Petition is dismissed. Because Petitioner has failed to make a substantial showing of a denial of a constitutional right, the Court declines to issue a certificate of appealability. <u>See</u> 28 U.S.C. § 2253(c)(2). The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal <u>in forma</u> <u>pauperis</u>.

**SO ORDERED.**

S/Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge

DATED:     July 13, 2011
           Rochester, New York